UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID LOGAN, II,<br><br>Plaintiff,<br><br>v.<br><br>EVALYN HORWITZ, et al.,<br><br>Defendants. | No. 2:15-cv-00121 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. On January 27, 2015, plaintiff was directed to submit an application to proceed in forma pauperis on the proper form. Plaintiff has now filed a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF. No. 7. Plaintiff has not, however, filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). Plaintiff will be provided the opportunity to submit the completed application and the certified copy in support of his application to proceed in forma pauperis.

Plaintiff has also requested the appointment of counsel. ECF. No. 8. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel

pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

      The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

      In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice;

    2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner; and

    3. Plaintiff's motion for the appointment of counsel (ECF No. 8) is denied.

DATED: February 10, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE