UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID LOGAN, II, | No.  2:15-cv-00121 AC P |
| Plaintiff, | |
| v. | ORDER |
| EVALYN HORWITZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Currently before the court are plaintiff's application to proceed in forma pauperis (ECF No. 11), motion to amend the complaint (ECF No. 14), motion to appoint counsel (ECF No. 18), and a document alleging that it is difficult for plaintiff to get to the prison law library (ECF No. 19).

I.      Application to Proceed In Forma Pauperis and Law Library Access

By order filed March 25, 2015, plaintiff was given thirty days to provide a certified copy of his prison trust account statement to supplement his application to proceed in forma pauperis.  ECF No. 16.  He was warned that failure to provide a certified statement would result in a recommendation that the action be dismissed.  Id.  His current deadline to provide a certified statement is April 24, 2015.  Plaintiff has now filed a document in which he states it is difficult for him to get to the prison law library, and though unclear, it appears that he may be attempting

to request additional time to provide a certified copy of his prison trust account statement. ECF No. 19. The court will construe the document as a motion to extend the time to provide a certified copy of his prison trust account statement, and grant the motion as so construed.

II.     Motion to Amend

On March 18, 2015, plaintiff filed a motion for leave to amend his complaint. ECF No. 14. Plaintiff's motion was not, however, accompanied by a proposed amended complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to Prison Litigation Reform Act screening requirement. See 28 U.S.C. § 1915A(a). Since plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it. Plaintiff's motion for leave to amend must therefore be denied. Moreover, any further efforts to amend the complaint will not be addressed unless and until plaintiff either (1) submits a certified copy of his prison trust account statement to support his application to proceed in forma pauperis, or (2) pays the filing fee.

III.    Motion for Counsel

Plaintiff has requested the appointment of counsel. ECF No. 18. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's document at ECF No. 19 is construed as a motion for an extension of the time to file a certified prison trust account statement and is granted. Plaintiff shall have an additional thirty days, up to May 25, 2015, to file a certified copy of his prison trust account statement.

2.  Plaintiff's motion to amend (ECF No. 14) is denied.

3.  Plaintiff's motion to appoint counsel (ECF No. 18) is denied.

DATED: April 16, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE