UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID LOGAN, II, | No. 2:15-cv-0121 AC P |
| Plaintiff, | |
| v. | ORDER |
| EVALYN HORWITZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 6.

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). Section 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious, or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

The court takes judicial notice[1] of the national pro se "three strikes" database,[2] which indicates that plaintiff has a three strikes order in the United States District Court for the Central District of California in Logan v. La Duke, Case No. 2:10-cv-07612-UA-MLG. Upon inspection of the order in that case, which deems plaintiff a three strikes litigant, and several other cases filed by plaintiff in the Central District of California, this court has identified eight cases brought by plaintiff that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff in the United States District Court for the Central District of California:

- Logan v. Baker, 2:01-cv-08702-UA-MLG (dismissed as legally and/or factually patently frivolous on October 26, 2001)
- Logan v. Sheriff Department, 2:05-cv-01900-UA-MLG (dismissed as legally and/or factually patently frivolous on March 25, 2005)
- Logan v. Blunk, 2:06-cv-03639-UA-MLF (dismissed as legally and/or factually patently frivolous on June 27, 2005)
- Logan v. Zepeda, 2:07-cv-07314-UA-MLG (dismissed as legally and/or factually patently frivolous on November 30, 2007)

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] A Ninth Circuit committee has directed this court to access this database for PLRA three-strikes screening purposes.

- Logan v. Zepeda, 2:08-cv-00631-UA-MLG (dismissed as legally and/or factually patently frivolous on April 3, 2008)
- Logan v. County of Los Angeles, 2:08-cv-01916-UA-MLG (dismissed as legally and/or factually patently frivolous on April 3, 2008)
- Logan v. Marshal, 2:09-cv-01883-UA-MLG (dismissed as legally and/or factually patently frivolous on March 27, 2009)
- Logan v. McClain, 2:09-cv-03614-UA-MLG (dismissed as legally and/or factually patently frivolous on June 1, 2009)

All of the preceding cases were dismissed well in advance of the January 15, 2015[3] filing of the instant action, and plaintiff did not appeal any of these decisions, so none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g))"; see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless he was "under imminent danger of serious physical injury." Plaintiff has not alleged any facts which suggest that he was under imminent danger of serious physical injury at the time he filed his complaint. In his putative complaint, plaintiff names only doctors Horwitz and Hawkins as defendants. ECF No. 1. He alleges that these defendants denied him appropriate pain medication while he was housed at Mule Creek State Prison in Ione, California. Id. at 3, 5. At the time plaintiff filed his complaint he was housed at R.J. Donovan Correctional Facility in San Diego, California. Id. at 1. There is nothing to indicate that either defendant continued to control

---

[3] Plaintiff would normally be entitled to the prison mailbox rule in calculating the date his complaint was filed, but he did not date his complaint or provide a certificate of service. See Houston v. Lack, 487 U.S. 266, 276 (1988). The date the complaint was received by the Clerk of the Court for filing is therefore the date of filing.

1 plaintiff's medical care after his transfer, and the complaint itself refers to their actions in the past
2 tense and seeks damages for the alleged past deprivation of pain medication. Id. at 5-6. There is
3 no indication that plaintiff was in "imminent danger of serious physical injury" at the time he
4 filed his complaint. Thus, plaintiff must submit the appropriate filing fee in order to proceed with
5 this action.
6    In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion to
7 proceed in forma pauperis (ECF No. 11) is denied and plaintiff shall submit, within twenty-one
8 days from the date of this order, the appropriate filing fee. Plaintiff's failure to comply with this
9 order will result in dismissal of this action.
10 DATED: June 29, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE