UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID LOGAN, II, | No. 2:15-cv-0121 AC P |
| Plaintiff, | |
| v. | ORDER |
| EVALYN HORWITZ, et al., | |
| Defendants. | |

     Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 6.

     On June 29, 2015, the court issued an order denying plaintiff's motion for in forma pauperis status pursuant to the three strikes provision of the Prison Litigation Reform Act of 1995 (PLRA).  ECF No. 29; 28 U.S.C. § 1915(g).  The court found that plaintiff had filed at least eight different cases that qualified as strikes under § 1915(g) and that the complaint did not allege plaintiff was "under imminent danger of serious physical injury."  ECF No. 29.  Plaintiff was ordered to pay the filing fee within twenty-one days of the court's order or face dismissal of this action.  Id.

/////

/////

The twenty-one day period has now passed and plaintiff has not paid the filing fee or indicated his intention to do so. However, he has now filed a motion to amend[1] that indicates he may be "under imminent danger of serious physical injury." ECF No. 30. Therefore, the court will allow plaintiff an opportunity to amend the complaint. If plaintiff chooses not to file an amended complaint, or the amended complaint does not allege imminent danger of serious physical injury, this action will be dismissed unless plaintiff pays the filing fee.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint must be filed as a single document. The court will not consider piecemeal, partial filings such as those submitted by plaintiff in the past. See ECF Nos. 5, 13, 14, 17, 23-28.

/////

---

[1] The motion also requests that the court forward a copy to a federal attorney whose connection to plaintiff is unclear. ECF No. 30. If plaintiff seeks to have documents sent to an attorney, it is his responsibility to mail a copy of those documents himself. The court will not mail plaintiff's documents for him.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, plaintiff shall submit an original and one copy of the amended complaint. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

2. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: July 28, 2015

_____/S/ Allison Claire_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE