UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID LOGAN, II,<br><br>Plaintiff,<br><br>v.<br><br>EVALYN HORWITZ, et al.,<br><br>Defendants. | No. 2:15-cv-0121 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

By order filed November 14, 2016, this court directed plaintiff to provide additional information required to effect service on defendants Summers and Oh, or show cause why he could not provide the required information. ECF No. 79. On November 28, 2016, plaintiff submitted two USM-285 forms. One contained the same information provided in the original service documents for defendant Summers and the second was for defendant DiTomas, for whom service has already been completed. ECF No. 80. Plaintiff then proceeded to submit ten summonses. ECF No. 84. Two of the ten summonses were for defendants DiTomas and Oh. The remaining eight were for individuals who are not defendants in this case.

Plaintiff was clearly instructed to complete USM-285 forms for defendants Oh and Summers (ECF No. 79), but failed to provide a USM-285 form for defendant Oh and instead

submitted another, unnecessary form for defendant DiTomas.  However, since plaintiff has provided a different mailing address for defendant Oh on the summons, he will be provided with one USM-285 form to complete and return for defendant Oh.  The court will not order service on defendant Summers because plaintiff has provided the same service information for defendant Summers, who cannot be served at the location provided.  See ECF No. 75 at 1.  Instead, plaintiff will be required to show cause (explain in writing) why defendant Summers should not be dismissed because he has failed to provide an address where Summers can be served.

In addition to submitting eight summonses for non-defendants, plaintiff has requested twenty USM-285 forms.  ECF No. 83.  This request will be denied.  Plaintiff's numerous attempts to amend the complaint have been disregarded by the court.  ECF No. 50 at 2-3; ECF No. 66 at 2-4.  The only defendants in this case are DiTomas, who has already been served; Summers, for whom plaintiff has submitted the same, unusable address for service; and Oh, for whom plaintiff will be sent a USM-285 form.  Plaintiff will not be sent USM-285 forms for any people who are not defendants.  In returning the form for defendant Oh, plaintiff must include all the required documents.  Plaintiff has previously ignored directions to provide copies of the complaint.  ECF Nos. 69, 80.

With respect to plaintiff's requests for counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff has not demonstrated any likelihood of success on the merits and has so far been capable of articulating his claims despite his failure to follow the court's instructions.  The court therefore does not find the required exceptional circumstances and the requests for counsel will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to send plaintiff one USM-285 form, along with an instruction sheet and a copy of the amended complaint filed February 22, 2016 (ECF No. 53); and

2. Within thirty days, plaintiff shall complete and submit the attached Notice of Submission of Documents to the court, with the following documents:

    a. One completed USM-285 form, with the new service address for defendant Oh.

    b. Two copies of the endorsed complaint filed February 22, 2016.

3. Failure to return all of these documents within the specified time period will result in a recommendation that defendant Oh be dismissed.

4. Within thirty days, plaintiff must show cause (explain) why defendant Summers should not be dismissed because he has failed to provide an address where Summers can be served.

5. Plaintiff's motions for counsel (ECF Nos. 86, 87) are denied.

DATED: December 9, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID LOGAN, II, | No. 2:15-cv-0121 AC P |
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| EVALYN HORWITZ, et al., | |
| Defendants. | |

Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

    _____1_____    completed forms USM-285

    _____2_____    copies of the second amended complaint

DATED:

                                                                                   _____
                                                                                  Plaintiff

1