UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID LOGAN, II, | No. 2:15-cv-0121 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| EVALYN HORWITZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motions for appointment of counsel (ECF Nos. 104, 108, 110), requests to amend the complaint (ECF Nos. 107, 109), and motion to appoint an expert witness (ECF No. 110).

Plaintiff has again requested appointment of counsel. ECF Nos. 104, 108, 110. These requests will again be denied. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

1

*pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Plaintiff has not demonstrated any likelihood of success on the merits and has so far been capable of articulating his claims despite his failure to follow the court's instructions.  The court therefore does not find the required exceptional circumstances and the requests for counsel will be denied without prejudice.

      Plaintiff also moves for leave to amend his complaint.  ECF Nos. 107, 109.  It appears that he is seeking to amend the complaint to add claims based upon pain management and medication issues with Doctor Ramada and psychiatric technician Badertcher.  ECF No. 107 at 1; ECF No. 109 at 1, 3, 5, 12.  Not only has plaintiff failed to provide a copy of the proposed amended complaint, but neither the claims nor defendants are properly joined because the claims do not involve the same defendants or arise out of the same transaction or occurrence identified in the currently operative complaint.  L.R. 137(c); Fed. R. Civ. P. 18; Fed. R. Civ. P. 20.  In other words, the new claims and defendants are not related to the claims currently in front of the court.  The request for leave to amend is therefore denied.  Plaintiff is advised that he is not allowed to simply add new defendants and claims to this case every time that medical staff do something that he does not like or that he disagrees with.

      Finally, plaintiff moves to appoint an expert witness.  ECF No. 110.  Federal Rule of Evidence 706 authorizes the appointment of a neutral expert witness, with expenses shared by the parties.  The appointment of an independent expert witness pursuant to Rule 706 is within the court's discretion, Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999), and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue," Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997).  However, the statute authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds for expert

witnesses. See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses). The federal courts have uniformly held that an indigent prisoner litigant must bear his own costs of litigation, including witnesses. Tedder, 890 F.2d at 211 (in forma pauperis statute, 28 U.S.C. § 1915, does not authorize waiver of fees or expenses for an indigent's witnesses).

In this case, it appears that plaintiff is seeking to have the court appoint an expert witness to advocate on his behalf, which is not authorized by Rule 706. However, even if plaintiff is truly seeking a neutral expert, the court does not find that the issues in this case are complicated such that the testimony of a neutral expert would be warranted and the request is denied. To the extent the expenses of an expert retained on behalf of a prisoner litigant may be recovered if preauthorized and arranged by counsel appointed by this court's Pro Bono Panel, as determined above, plaintiff has not demonstrated extraordinary circumstances to warrant appointment of counsel. Moreover, plaintiff's request for an expert to testify regarding unspecified issues does not constitute exceptional circumstances warranting appointment of counsel. The court will therefore decline to appoint counsel for the purpose of obtaining an expert witness.

Finally, it appears that plaintiff may be seeking to request discovery or attempting to move to compel discovery related to his medical and C-File from July 18, 2013, to the present. ECF No. 110. If plaintiff is attempting to make a request for discovery, discovery requests are to be served on counsel for defendant and were due by January 5, 2017. ECF No. 78. If plaintiff is trying to compel discovery responses, then he must file a motion in the proper form. In other words, he must file a motion to compel that tells the court which discovery request he wants an answer to and why the answer the defendant gave was not good enough. The current deadline for filing motions to compel is March 6, 2017. Id. Because it appears that plaintiff may be attempting to file a motion to compel, the court will sua sponte extend the deadline for filing motions to compel.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for appointment of counsel (ECF Nos. 104, 108, 110) are denied.
2. Plaintiff's motions to amend the complaint (ECF Nos. 107, 109) are denied.
3. Plaintiff's motion to appoint an expert witness (ECF No. 110) is denied.
4. The deadline for filing motions to compel is extended by fourteen days. Motions to compel shall be filed by March 20, 2017.

DATED: March 1, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE