1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES DAVID LOGAN, II,                      No.  2:15-cv-0121 MCE AC P

12                 Plaintiff,

13        v.                                     ORDER

14   EVALYN HORWITZ, et al.,

15                 Defendants.

16

17        Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.

19        Plaintiff has filed a third amended complaint.  ECF No. 112.  It appears that he is seeking

20   to amend the complaint to add claims against new defendants for failure to provide proper

21   medical care, retaliation, and fabricating a rule violation.  ECF No. 112 at 3-5.  If plaintiff is

22   attempting to add these claims to his second amended complaint, doing so is not permitted

23   because neither the claims nor defendants are properly joined.  Joinder is inappropriate because

24   the new claims do not involve the same defendants or arise out of the same transaction or

25   occurrence identified in the currently operative complaint.  L.R. 137(c); Fed. R. Civ. P. 18; Fed.

26   R. Civ. P. 20.  In other words, the new claims and defendants are not related to the claims

27   currently in front of the court, and therefore may not be added.

28   ////

1    Additionally, the third amended complaint does not include any of plaintiff's previous

2    claims or defendants.  Local Rule 220 requires that an amended complaint be complete in itself

3    without reference to any prior pleading.  This requirement exists because, as a general rule, an

4    amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

5    Cir. 1967).  Therefore, if plaintiff wishes to file an amended complaint, each claim and the

6    involvement of each defendant must be sufficiently alleged because the previous pleading no

7    longer serves any function in the case.  The court cannot refer to a prior pleading to make

8    plaintiff's amended complaint complete.

9    If plaintiff wishes completely change the claims he is pursuing and abandon the claims

10   currently before the court, he must dismiss this case and initiate a new action alleging all of his

11   new claims and the involvement of each defendant.  Defendants have been served in the instant

12   case and discovery has nearly completed as to one of the defendants, and the court will not allow

13   plaintiff to completely change the claims before it at this stage.

14   Plaintiff is reminded that his prior requests for leave to amend the complaint (ECF Nos.

15   107, 109) were denied (ECF No. 111).  Moreover, plaintiff has been previously warned that

16   piecemeal filings would be disregarded by the court and he has continued to disregard this court's

17   orders.  The third amended complaint (ECF No. 112) will therefore be stricken from the record

18   and the court will proceed only on the second amended complaint (ECF No. 53).

19   Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to strike

20   plaintiff's third amended complaint (ECF No. 112) from the record.

21   DATED: March 3, 2017

22

ALLISON CLAIRE
23   UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

2