UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID LOGAN, II, | No. 2:15-cv-0121 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| EVALYN HORWITZ, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has again requested appointment of counsel. ECF No. 115. This request will again be denied.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

1

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff has not demonstrated any changes in his circumstances since the court last denied his request for counsel, he still has not shown that he has any likelihood of success on the merits, and he continues to be capable of articulating his claims. The court therefore does not find the required exceptional circumstances and plaintiff's request for counsel will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 115) is denied.

DATED: March 17, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2