UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID LOGAN, II, | No. 2:15-cv-0121 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| EVALYN HORWITZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On October 16, 2017, defendants filed a motion for summary judgment. ECF No. 135. On January 3, 2018, after plaintiff was granted an extension of time to file a response and failed to act within the time granted, he was ordered to file and serve an opposition or statement of non-opposition to the pending motion within twenty-one days. ECF No. 140. In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Id. at 2. Approximately a week later, plaintiff filed a request for the status of his case (ECF No. 141) and the court advised him that he was required to respond to the motion for summary judgment or the undersigned would recommend dismissal of his case (ECF No. 142). His deadline was extended to thirty days from service of the order and he was also informed that any further motions for extensions of time would be denied unless he

could show extraordinary circumstances. Id. at 2.

Plaintiff has now requested another extension of time to respond to the motion for summary judgment on the ground that he was unable to access the law library in November and December 2017.[1] ECF No. 145. This is not an extraordinary circumstance and plaintiff's motion for extension of time will be denied.

Plaintiff also sought to amend his complaint to include an allegation of property theft. ECF No. 145. Leave to amend is to be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, plaintiff fails to attach the required copy of his proposed amended complaint that would allow the court to determine whether leave to amend would be appropriate. See Fed. R. Civ. P. 15; L.R. 137(c). Furthermore, the court has previously explained to plaintiff that he cannot amend the complaint by simply saying he wants to add claims or defendants. ECF Nos. 50, 66. The court will continue to reject any requests by plaintiff to amend his complaint which do not comply with the Local Rules.

Additionally, in this instance, even if plaintiff had properly filed his request for leave to amend his complaint, the request would be denied because the stolen property claim is unrelated to his medical claims. Joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the claims against them are based on the same facts. Fed. R. Civ. P. 18(a), Fed. R. Civ. P. 20(a)(2). Because plaintiff indicates that he seeks to add new claims against new defendants based on an allegation of stolen property and there is nothing in his filing that indicates that the allegations of stolen property are related to his medical claims (ECF No. 145), amendment would not be proper.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a thirty-day extension of time (ECF No. 145) is denied.

2. Plaintiff has seven days from service of this order to respond to the motion for summary judgment. Failure to do so will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

---

[1] Based on plaintiff's most recent filing (ECF No. 145), the court will not consider his previous filing (ECF No. 143) as an opposition to defendant's motion for summary judgment.

3. Plaintiff's request to amend the complaint (ECF No. 145) is denied.

IT IS SO ORDERED.

DATED: February 20, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE