UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID LOGAN, II,<br><br>    Plaintiff,<br><br>  v.<br><br>EVALYN HORWITZ, et al.,<br><br>    Defendants. | No. 2:15-cv-0121 MCE AC P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

     On October 16, 2017, defendants filed a motion for summary judgment. ECF No. 135. Almost six months later, despite multiple extensions of time, plaintiff has not filed a proper opposition to the motion. As the following procedural history illustrates, plaintiff has unreasonably delayed adjudication of this matter.

     On November 13, 2017, the court received plaintiff's notice of change of address, dated November 4, 2017, in which he stated that he had been without law library access and that he intended to respond to the motion for summary judgment now that he had been moved to a new prison. ECF No. 138. The notice was construed as a motion for an extension of time and plaintiff was given thirty days to file his response. ECF No. 139. After thirty days passed without a response from plaintiff, he was given an additional twenty-one days to file a response and warned that failure to do so would result in a recommendation that the action be dismissed for failure to prosecute. ECF No. 140. Approximately a week later, plaintiff filed a request for the

status of his case (ECF No. 141) and the court advised him that he was required to respond to the motion for summary judgment or the undersigned would recommend dismissal of his case (ECF No. 142). Plaintiff's deadline was extended to thirty days from service of the order and he was also informed that any further motions for extensions of time would be denied unless he could show extraordinary cause. Id. at 2.

Plaintiff next proceeded to file a one-page document that stated he was "appealing" summary judgment; over 700 pages of medical records were attached. ECF No. 143. This document was docketed as plaintiff's opposition to the motion, and defendants filed a reply that rested on the failure of the opposition to admit or deny defendants' undisputed facts. ECF No. 144. Plaintiff then filed a request for a thirty day extension of time to respond to the motion for summary judgment, on grounds that he had been unable to access the law library in November and December 2017. ECF No. 145. That request was denied. ECF No. 146. However, the court also stated that it would not consider the previously-filed document (ECF No. 143) as an opposition. ECF No. 146 at 2 n.1.

Plaintiff next filed a request for an extension of time dated February 13, 2018, in which he stated that he had not had law library access since November 3, 2017. ECF No. 147. In light of plaintiff's allegation that he had been without law library access for such an extended period of time, defendants were required to respond. ECF No. 148. Defendants have now responded to the motion for extension of time (ECF No 149) and plaintiff has filed another request for an extension of time (ECF No. 150). The newest request does not provide any justification for the requested extension. Id.

In their response to plaintiff's motion for an extension of time, defendants provide evidence that, contrary to plaintiff's claims, he has been to the law library and is not being denied access. ECF No. 149. As of February 27, 2018, plaintiff had attended the library two times since November 3, 2017, and had been scheduled to attend on two additional days, but did not show up. Id. at 1-2. Plaintiff had also submitted two requests for Priority Legal User status, but those requests were denied because he refused to certify that he would only be working on his own case. Id. at 2.

2

In light of the evidence that plaintiff has not been denied access to the law library, plaintiff's outstanding motions for extension of time will be denied. Additionally, the undersigned will recommend that the case be dismissed for failure to prosecute.

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citation omitted). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984); Mir v. Fosburg, 706 F.2d 916, 918 (9th Cir. 1983)).

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This action has been pending since January 2015, and although defendants' motion for summary judgment has been pending since October 6, 2017, it does not appear that plaintiff has taken any steps to respond to the motion. The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal. The

Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citing Alexander v. Pac. Mar. Ass'n, 434 F.2d 281 (9th Cir. 1970); Pearson v. Dennison, 353 F.2d 24 (9th Cir. 1968)). This is because "[t]he law presumes injury from unreasonable delay." Id. (citing States S.S. Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970)).

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, the court has already provided plaintiff extensive additional time to file a response to the motion for summary judgment, and warned him that failure to file an opposition would result in dismissal of the action. ECF Nos. 139, 140, 142, 146. The court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the "consideration of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-133; Henderson, 779 F.2d at 1424. The court expressly warned plaintiff on three occasions that if he did not file a response to the motion for summary judgment it would recommend that this case be dismissed for lack of prosecution. ECF No. 140 at 2; ECF No. 142 at 2; ECF No. 146 at 2. Thus, plaintiff had adequate warning that dismissal could result from his noncompliance with the court's orders to respond to the motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for extension of time (ECF No. 147, 150) are denied.

IT IS FURTHER RECOMMENDED that this action be dismissed for failure to prosecute. See Fed. R. Civ. P. 41(b); L.R. 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 11, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE